# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                          Civil Action No. 3:09-CV-1778-M

REZA SALEH,

    Defendant,

and

AMIR SALEH, Relief Defendant.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the district court's order of reference dated December 14, 2010, this matter was referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for the issuance of proposed findings and recommendation to the district court. Before the court is an "Unopposed Second Application of Distribution Agent for Payment of Fees and Expenses." (Doc. 22). Having reviewed the pertinent filing and the law applicable to the issues raised, the court finds that the motion should be **GRANTED**.

## BACKGROUND

This is a civil action prosecuted by the Securities and Exchange Commission (SEC) against Reza Saleh (Saleh) for alleged fraudulent securities trading. On September 25, 2009, the district court granted the SEC's "Unopposed Motion to Freeze Assets and for Injunctive and Other Relief." (Docs. 7, 8). Subsequently, the court (1) entered an unopposed permanent injunction barring Saleh from committing future securities violations and (2) ordered that Saleh

was liable for the disgorgement of the more than $8.6 million he gained in profits as a result of his illegal conduct. (Doc. 11). On March 8, 2010, the court appointed Wayne M. Secore, of Secore & Walker, L.L.P., as the Distribution Agent to distribute the disgorged funds for the benefit of potential victims. The court also ordered the transfer of $8,635,653.32 from Saleh's TD Ameritrade account into a bank account established by Secore to effectuate the distribution. (Doc. 13). On July 28, 2010, the magistrate judge recommended compensation of $53,984.26 to Secore for work performed between March 8, 2010 and June 11, 2010; which the district court subsequently adopted and ordered. (Doc. 17-18). In the instant unopposed motion, Secore seeks payment of fees and expenses for work performed and costs incurred during the course of his duties from June 15, 2010 through October 29, 2010. (Doc. 22).

## APPLICABLE LAW

In adjudicating an attorneys' fee award, a court first must calculate the "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *Louisiana Power*, 50 F.3d 324. In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[1] *Id.* at 331. "Many of these factors usually

---

[1] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case;

2

are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

## SECORE'S SECOND APPLICATION FOR FEES AND EXPENSES

Secore seeks approval of $71,010.00 in attorney's fees and $786.11 in expenses for the period from June15, 2010, through October 29, 2010. (Doc. 14). The amount requested includes a voluntary reduction in Secore's fee from his normal hourly rate of $475.00 per hour to $360.00 per hour, representing a 24% discount. Secore's legal assistant, Marian Waterkotte, charged a fee of $180.00 per hour for these proceedings, which is her normal hourly rate. This reflects a total of 300.25 hours of work at an average hourly rate of $236.50. Moreover, Waterkotte performed the large majority of the work on the case, billing 206 hours compared to Secore's 94.25 hours. Waterkotte's fee is $37,080.00, while Secore's fee is $33,930.00.

Secore provided the court with a partial list of services rendered to justify the claim for compensation, as well as an itemized invoice for the fees and expenses. (Doc. 22). After a review of Secore's application and supporting materials, the Court finds the requested fees and hourly rates, which reflect a blend of professional and paraprofessional work, are reasonable and customary in the community and were reached after the exercise of appropriate billing judgment.

Secore did not request an upward adjustment of his fee award. *See Johnson*, 488 F.2d at

---

(5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (*citing Johnson*, 488 F.2d at 717-19).

717-19. The court finds that no adjustment is necessary. For the reasons stated above, the court finds that Secore should recover $71,010.00 in fees as well as $786.11 in costs, for a total of $71,796.11.

## CONCLUSION

For the reasons stated above, the court recommends that Secore's "Second Unopposed Motion for Attorney Fees of Distribution Agent for Payment of Fees and Expenses" be **GRANTED**.

**SO RECOMMENDED** on January 19, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE