IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                Civil Action No. 3:09-CV-1778-M-BK

REZA SALEH,

    Defendant,

and

AMIR SALEH, Relief Defendant.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's order of reference dated May 9, 2011, this matter was referred to the undersigned for the issuance of proposed findings and recommendation. Before the Court is an "Unopposed Motion to Approve Remittance of Funds to the U.S. Treasury." (Doc. 29). Having reviewed the pertinent filing the Court finds that the motion should be **GRANTED**.

## BACKGROUND

This is a civil action prosecuted by the Securities and Exchange Commission (SEC) against Reza Saleh (Saleh) for alleged fraudulent securities trading. On September 25, 2009, the District Court granted the SEC's "Unopposed Motion to Freeze Assets and for Injunctive and Other Relief." (Docs. 7, 8). Subsequently, the Court (1) entered an unopposed permanent injunction barring Saleh from committing future securities violations and (2) ordered that Saleh was liable for the disgorgement of the more than $8.6 million he gained in profits as a result of

his illegal conduct. (Doc. 11). On March 8, 2010, the Court appointed Wayne M. Secore, of Secore & Walker, L.L.P., as the Distribution Agent to distribute the disgorged funds for the benefit of potential victims. The Court also ordered the transfer of $8,635,653.32 from Saleh's TD Ameritrade account into an interest-bearing bank account at Bank of America titled "Reza Saleh Distribution Bank Account, Wayne M. Secore, Distribution Agent," established to effectuate the distribution. (Doc. 13, 29 at 2). On January 11. 2011, the Court entered an Order authorizing the Distribution plan. (Doc. 25, 29 at 2).

Secore calculated a total distribution of $5,952,599.87 to a total of fifteen Counter-parties, representing 100% of the insider trading losses incurred by each Counter-party, less any profits on hedge positions. (Doc. 29 at 4). On January 19, 2011, Secore issued checks totaling $5,868,809.87 to fourteen of the fifteen Counter-Parties. (Doc. 29 at 4). Secore withheld payment of $83,790.00 because the remaining Counter-party did not complete a declaration form, despite numerous notices. (Doc. 29 at 4-5). Pursuant to the Distribution Plan, Secore could not calculate the net distributable losses or issue a check until the Counter-party listed its hedge deductions, and signed and notarized its declaration. (Doc. 29 at 5). Secore notified the remaining Counter-party that if the declaration form was not turned in by February 11, 2011, Secore would request permission to send the Counter-party's disgorgement funds to the U.S. Treasury. (Doc. 29 at 5). The remaining Counter-party has not completed the declaration form. (Doc. 29 at 5).

Secore now seeks approval to remit the remaining $2,654,402.02 by certified check or banker's cashier check payable to the Securities and Exchange Commission to be mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432

General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312. (Doc. 29 at 6). The $2,654,402.02 represents the total amount left in the "Reza Saleh Distribution Bank Account, Wayne M. Secore, Distribution Agent," including the $83,790.00 not paid to the remaining Counter-party. (Doc. 29 at 4-6). This total also reflects the authorized payments to Secore for his services in the amounts of: $53,984.26, $71,796.11, and $41,950.70.

After reviewing the motion, the Court is of the opinion that it is appropriate to authorize Secore to remit the funds to the U.S. Treasury. Therefore, the Court recommends that Secore's "Unopposed Motion to Approve Remittance of Funds to the U.S. Treasury" (Doc. 29) be **GRANTED**, and Secore be authorized to distribute the $2,654,402.02 to the United States Treasury. Secore should remit the remaining $2,654,402.02 by certified check or banker's cashier check payable to the Securities and Exchange Commission, to be mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312. The Commission then shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**SO RECOMMENDED** June 20, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE